UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGERICK RANDALL,<br><br>  Petitioner,<br><br>  v.<br><br>ANTHONY HEDGPETH,<br><br>  Respondent. | No.  2:12-cv-1113 TLN CKD P<br><br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

     Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  He is serving a sentence of 65-years-to-life imprisonment following conviction in Sacramento County for committing lewd and lascivious acts upon two children.  On appeal, the California Court of Appeal for the Third District affirmed his conviction and sentence.  Petitioner challenges his conviction and sentence on three grounds: petitioner asserts (1) one of the victims "lied against [petitioner] several times" while testifying at his criminal trial, (2) the prosecutor or court reporter "remove[d]/destroy[ed] transcript and statements favorable" to petitioner, and (3) petitioner's counsel on appeal was ineffective in refusing to attempt to locate this allegedly missing transcript.  (Pet. for Writ of Habeas Corpus by a Person in State Custody 6, ECF No. 5.)  Respondent seeks dismissal of the petition, arguing *inter alia* that petitioner's three claims were not fairly presented on direct appeal, are thus

1

unexhausted and cannot therefore be considered by this court. For the reasons stated below, the undersigned finds petitioner's claims were not fairly presented and will recommend the petition be dismissed.

I.  Background

The following factual background is drawn from the unpublished opinion of the Court of Appeal for the Third District of California, except where noted. Petitioner was convicted at trial of several counts of "lewd or lascivious" conduct with two female children under age fourteen. People v. Randall, No. C064082, 2011 WL 19125, at *1 (Cal. Ct. App. Jan. 5, 2011) (unpublished). As a result, petitioner "was sentenced to a term of 60 years to life, consecutive to a . . . term of five years, eight months. . . . Various fines and fees were imposed, as well as victim restitution." Id.

On direct appeal to the California Court of Appeal for the Third District, petitioner's appointed counsel filed a Wende brief,[1] and petitioner elected to file a pro se supplemental brief. In his supplemental brief, petitioner asserted his conviction should be reversed and sentence reduced for only one reason—because he had "a consensual relationship with" one of the victims:

> I Roderick Randall am writing this letter on my own behalf after my attorney filed a Wende [brief]. I have a few more issues I would like to bring up if I may.
>
> I admitted to having a short relationship with [one of the victims]. [I]t was a consensual relationship no force. No rape. No threatening. After she became pregnant she got scar[e]d. There [were] people in our home at that time. There is no way I could have her for two (2) or three (3) years without somebody hearing it. She didn't scream or tell anyone because it was all consensual. [The victim's mother] did believe that we had sex and she was very upset with me. She didn't believe that I forced or threatened [the victim] because [she] was always following me around the house and asking me to pick her up from school. I didn't rape [the

---

[1] Under California appellate procedure, if court-appointed counsel finds no meritorious issues to raise on appeal, she can file a so-called "Wende brief"—a reference to People v. Wende, 25 Cal. 3d 436, 441-42 (1979), the case that established the procedure—summarizing the procedural and factual history of the case, and certifying that appointed counsel has reviewed the record, explained her evaluation of the case to the client and informed the client of his right to file a pro se supplemental brief. See Smith v. Robbins, 528 U.S. 259, 265-66, 276 (2000) (describing the Wende-brief procedure and holding that the procedure comports with constitutional due process).

2

> victim], but I did have consensual sex with [her]!  Thank you[,]
>
> Roderick Randall.

(Appellant's Supplemental Opening Brief, Lodged Doc. 2, ECF No. 21.)

The Court of Appeal rejected this argument:

> Defendant was neither charged with, nor convicted of, rape. The use of force or threats is not an element of any offense defendant was charged with or convicted of.  Nor is screaming. Defendant was charged with and convicted of violating Penal Code section 288, committing lewd and lascivious acts on a child under the age of 14 years old.  It is well settled that consent of the child is no defense to that charge.  See People v. Cicero, 157 Cal. App. 3d 465, 482 (1984); People v. Toliver, 270 Cal. App. 2d 492, 496 (1969).  "The law simply outlaws sexual conduct with children under the age of 14 under all circumstances."  Cicero, 157 Cal. App. 3d at 482.
>
> Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

Randall, 2011 WL 19125, at *2-3.  The court affirmed petitioner's conviction and sentence.  Id. at *3.

Petitioner appealed to the California Supreme Court.  In his petition for review, petitioner raised (for the first time) essentially the same issues that he presses here in the pending petition for federal habeas relief: constitutional claims arising from the victim's allegedly dishonest testimony at his trial and the missing portions of the trial transcript.  (Pet'r's Pet. for Review Filed with the Cal. Supreme Court 1-2, Lodged Doc. 4, ECF No. 21.)  As discussed above, petitioner did not raise these issues before the intermediate court of appeal.  The California Supreme Court denied the petition for review without opinion.  (Order Cal. Supreme Court Denying Review, Lodged Doc. 5, ECF No. 21.)

II. Standard for Habeas Corpus Relief

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

/////

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)."[2]  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

When a state court rejects a federal claim without addressing the claim, a federal court presumes the claim was adjudicated on the merits, in which case § 2254(d) deference is applicable.  Johnson v. Williams, 133 S. Ct. 1088, 1096 (2013).  This presumption can be

---

[2] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief.  Fry v. Pliler, 551 U.S. 112, 119 (2007).

4

1 rebutted. Id.

2 It is appropriate to look to lower federal court decisions to determine what law has been
3 "clearly established" by the Supreme Court and the reasonableness of a particular application of
4 that law. "Clearly established" federal law is that which has been determined by the Supreme
5 Court. Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004). At the same time, it is
6 appropriate to look to lower federal court decisions as persuasive authority in determining what
7 law has been "clearly established" and the reasonableness of a particular application of that law.
8 Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th
9 Cir. 2003), overruled on other grounds by Lockyer v. Andrade, 538 U.S. 63; cf. Arredondo, 365
10 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of
11 Supreme Court precedent is misplaced).

12 III. Arguments and Analysis

13 Respondent argues petitioner's application for habeas relief should be dismissed because
14 he has not adequately exhausted his state remedies. (Answer to Pet. for Writ of Habeas Corpus
15 7:14-8:17, ECF No. 20.) Petitioner did not file a traverse addressing this argument even though
16 the court extended the deadline 60 days for him to do so. (See ECF No. 23 (granting petitioner's
17 request for a "60 day extension of time to file and serve a traverse.").) Since "[a]n application for
18 a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has
19 exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b), this court must
20 first decide whether petitioner exhausted the claims he presents in his pending application for
21 federal habeas relief.

22 "Exhaustion requires the petitioner to 'fairly present' his claims to . . . court[s] of the
23 state," Cooper v. Neven, 641 F.3d 322, 326 (9th Cir. 2011), cert. denied, 132 S. Ct. 558 (citing
24 O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)), "on every level of direct review," i.e., " at all
25 appellate stages afforded under state law as of right by that procedure," including the
26 "intermediate state appellate court." Casey v. Moore, 386 F.3d 896, 916-17 (9th Cir. 2004).
27 Thus, "to be fairly presented in the state courts, a claim must have been raised throughout the
28 state appeals process, not just at the tail end in a prayer for discretionary review." Id. at 916.

Accordingly, a federal habeas petitioner has "not fairly present[ed] his federal law claims" to the courts of a particular state if the petitioner "raised [the federal law claims] for the first and only time upon petitioning for discretionary review to the [relevant] State Supreme Court." Id. at 917 (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)). For example, in Casey, the petitioner, Casey, argued to the intermediate state appellate court in Washington the trial court erred by admitting certain evidence under Washington evidentiary law. Id. at 914. Later, Casey asserted new federal constitutional claims in his petition for discretionary review to the Washington State Supreme Court—namely, the admission of the evidence in question violated the Confrontation Clause of the Sixth Amendment to the U.S. Constitution. Id. at 915. The court in Casey first concluded that "Casey did not fairly present his federal law claims to the Washington Court of Appeals," id., and ultimately held: "Because we conclude that Casey raised his federal constitutional claims for the first and only time to the state's highest court on discretionary review, he did not fairly present them." Id. at 918.

In this case, as in Casey, the record establishes that petitioner did not raise the claims he asserts in his pending application for federal habeas relief in his appeal to the intermediate appellate court of California. In his appeal to the California Court of Appeal for the Third District, petitioner asserted his conviction should be reversed, and sentence reduced, for only one reason—because he had "a consensual relationship with" one of the victims—an issue that concerns solely California state criminal law. (Appellant's Supplemental Opening Brief, Lodged Doc. 2, ECF No. 21.) See also Randall, 2011 WL 19125, at *2 (reasoning "[i]t is well settled [under California criminal law] that consent of the child is no defense to that charge." (citing People v. Cicero, 157 Cal. App. 3d 465, 482 (1984)).

In contrast, in his petition for discretionary review to the California Supreme Court, petitioner asserted various federal constitutional claims arising from the victim's allegedly dishonest testimony at petitioner's trial and missing portions of the trial transcript. (Pet'r's Pet. for Review Filed with the Cal. Supreme Court 1-2, Lodged Doc. 4, ECF No. 21 (petitioning for discretionary review because his appeal raises "very important issue[s] of federal constitutional dimension" (emphasis added)).) Comparing petitioner's supplemental brief to the Court of

6

Appeal to his petition for review to the California Supreme Court reveals that petitioner's asserted claims for federal habeas relief—arising from the victim's testimony and the trial transcript— were raised in the courts of California only "at the tail end in a prayer for discretionary review," but not "throughout the state appeals process," Casey, 386 F.3d at 916, as required under 28 U.S.C. § 2254(b).  Since the undersigned finds that petitioner "raised his federal constitutional claims for the first and only time to the state's highest court on discretionary review, [petitioner] did not fairly present them."  Id. at 918.  Therefore, the petition must be dismissed as unexhausted.

IV. Petitioner's Pending Motion for Evidentiary Hearing (ECF No. 24)

Petitioner filed a motion on March 29, 2013 for an evidentiary hearing in which he contends he was "unable to complete [his] traverse d[ue] to no access to the library," and he "request[s] a[n] evidentiary hearing to resolve the issues [he] ha[s] with the missing or destroyed statements from [his] trial transcripts."  (ECF No. 24.)  Petitioner also claims he "did not receive a reply to [his] request for a[n] extension of time."  (Id.)

Petitioner had previously requested an extension of 60 days to file his traverse on October 17, 2012, a request which this court granted on October 30, 2012.  (ECF No. 23.)  Thus, petitioner's latest motion for an evidentiary hearing (ECF No. 24) was filed nearly four months after expiration of the 60-day extension the court already granted petitioner to file his traverse. Moreover, in light of respondent's affirmative evidence establishing that petitioner has not exhausted his claims for federal habeas relief in the courts of California, see supra part III, petitioner's motion for an evidentiary hearing is DENIED.

V.  Conclusion

IT IS HEREBY ORDERED that petitioner's motion for an evidentiary hearing (ECF No. 24) is DENIED.

Further, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 14, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

GP
Rand.1113.hc